**John R. SMITH, Appellant,**

v.

**The FIRST NATIONAL BANK OF SOUTHERN MARYLAND, Appellee.**

No. 3892.

District of Columbia Court of Appeals.

Argued May 2, 1966.

Decided June 17, 1966.

Andrew W. Carroll, Washington, D. C., for appellant.

Joseph L. Mendelson, Washington, D. C., with whom Israel J. Mendelson, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On May 4, 1962, appellant Smith, a resident of Maryland, bought a 1959 Oldsmobile from Greenway Motors, a Maryland used car dealer. At the same time he executed and delivered to appellee bank, a Maryland institution, a chattel mortgage with attached note for $1,006.02, payable to the bank as mortgagee in successive monthly installments of $55.89. Appellant paid a number of monthly installments, but by May 1963 he was six months in arrears. The bank thereupon repossessed the car and on May 28, 1963, notified Smith by registered mail of his right under the Maryland Retail Installment Sales Act to redeem the car within fifteen days by payment of the outstanding balance due on his note and informed him that if no arrangements were made within that time the vehicle would be disposed of for the highest price obtainable and if the net proceeds of the sale were not great enough

to satisfy the debt he would be held responsible for any deficiency. Thereafter the bank made several unsuccessful efforts to effect a private sale of the automobile. No attempt was made to sell it at public auction.

In September 1964 appellee filed suit in the District of Columbia Court of General Sessions against Smith to recover the balance of $670.68 due under the installment promissory note, plus interest and a 15% attorney's fee. Based upon appellant's non-residence, it also caused a writ of attachment before judgment to be issued against wages due appellant from his employer in the District of Columbia.[1] Smith filed an answer denying he was indebted to the bank and counterclaimed for damages for the alleged wrongful conversion of the automobile and attachment of his wages.

The case was tried without a jury. At the conclusion of plaintiff's [appellee's] evidence, appellant moved for summary judgment, which was denied. Primarily in issue was whether appellee was precluded from bringing suit to recover the unpaid balance of the note because it had not first sold the auto and credited appellant with the net proceeds of the sale. At trial appellant testified that after attachment of his wages he had asked the bank not to sell the automobile if it could obtain no more than $75 for it. Testimony indicated the car was in poor condition and worth between $75 and $150. A bank officer stated Smith had also asked him to hold the car until he could make arrangements for refinancing. It appears that Smith gave the bank a written authorization dated October 22, 1964, to sell the automobile,[2] but, as far as the record reveals it was never sold.

At the conclusion of the trial, findings were entered by the trial judge in favor of the bank for $300, plus 15% attorney's fee, and appellant's counterclaim was rejected. From judgment on these findings, Smith has appealed. He claims the trial judge erred in failing to apply Section 126 (hereinafter referred to as Section 144) of the Retail Installment Sales Act of Maryland[3] and in denying his counterclaim for damages resulting from the alleged wrongful conversion of his automobile and attachment of his wages.

The legislative history of the Maryland Retail Installment Sales Act reflects that its purpose was to protect unwary installment buyers from oppressive business practices by not only preventing actual fraud but by closing avenues to fraud while at the same time recognizing the need to preserve the free flow of credit. Stride v. Martin, 184 Md. 446, 449, 41 A.2d 489, 492 (1945); Griffin v. Baltimore Federal Savings & Loan Ass'n, 204 Md. 154, 156, 102 A.2d 804, 806 (1954); Hudson v. Maryland State Housing Co., 207 Md. 320, 114 A.2d 421 (1955). In construing sections of the statute, the Maryland decisions have done so with the aim of harmonizing them and rendering them consistent with the general objective and scope of the act. Associated Acceptance Corp. v. Bailey, 226 Md. 550, 174 A.2d 440 (1961). The provisions of the act are explicit and mandatory.

A holder of a chattel mortgage with security has a property right in the

---

1. Sec. 16–501, D.C.Code, 1961 (Supp. V, 1966).

2. Although there is reference in the record to this written authorization and its admission into evidence at trial, it was not designated in the record on appeal.

3. Retail Installment Sales Act of Maryland, Sections 128 through 153, Art. 83 of the Ann.Code of Maryland, 1957 edition.

Section 144 of the 1957 Code was formerly Section 126.

Although the bank insists that the Maryland Retail Installment Act does not apply here, we do not agree. The transaction is clearly within the purview and intent of the statute. Moreover, the agreement between the parties specifically provides that it is "subject to and enforceable in accordance with" this statute.

chattel until the mortgage is discharged. Here, upon appellant's default in payment of the note, the bank had certain rights. The remedies available to it, as well as its duties, are clearly set out in the Maryland Retail Installment Sales Act. Likewise, the rights and obligations of Smith as buyer are specifically defined. To summarize certain sections pertinent to the present case, Section 141 provides that when a buyer is in default in his payments, the holder of the note may repossess. It also provides for the giving of notice of intent to repossess and requires that after repossession the holder shall inform the buyer of his rights of redemption and of resale. Section 142 directs that the holder shall retain the repossessed goods for fifteen days, during which period the buyer may redeem them by payment of the amount due under the agreement. Section 143 specifies that if the buyer has paid 50% of the cash price of the goods he may, within the fifteen-day period referred to in Section 142, request in writing, sent by registered mail, that the vehicle be sold at public auction. The buyer is obligated to send, at the time of making such request, a deposit equal to 10% of the unpaid balance at the time of repossession to cover the cost of such proceedings. If such deposit does not accompany the request, he is to be notified promptly by registered mail of the need to make such deposit, and if it is not made within five days thereafter, he forfeits all rights under this section. The net proceeds of any such sale are, of course, to be credited to the unpaid balance. Section 144 of the Act, which appellant claims should have been applied to his case, provides that where there is no resale pursuant to Section 143 all obligations of the buyer under the agreement shall be discharged.

■ We have not located any decision dealing specifically with Section 144, but there seems little question that appellant is not entitled to its benefits as he did not avail himself of his rights nor comply with his duties as set forth in Section 143. It is not disputed that appellant was in default and that the bank, as holder of the note, was entitled to repossess. Although, as required by law, it gave Smith notice of his rights, he made no effort to redeem the car in accordance with Section 142 nor did he request it be sold pursuant to Section 143. Under these circumstances, it cannot be said that the bank was required first to sell the car as a condition precedent to bringing an action for the unpaid balance on the note and that, because of its failure to do so, appellant is discharged from further obligation thereunder. We hold, therefore, that the court did not err in failing to find appellant not liable for the balance on his note by virtue of Section 144 of the Retail Installment Sales Act of Maryland.

■ Appellant also asserts that the trial judge erred in denying him damages for the alleged wrongful conversion of his automobile. We find no merit to this contention. The chattel mortgage itself empowered the bank to repossess the car in the event of default by Smith as mortgagor.

■ Also without substance is appellant's contention that the issuance of the attachment before judgment was illegal. Section 16–501, D.C.Code, 1961, Supp. V, 1966, authorizes the issuance of a writ of garnishment upon the wages of any individual employed in the District of Columbia provided the plaintiff in a civil action in the local courts shall file an affidavit showing the ground of his claim, that he has a just right to recover what he seeks in his complaint, and that the defendant is a non-resident; and provided he post a bond in the clerk's office, with approved surety, in twice the amount of his claim. These requirements were fully met by the bank. We hold the writ of garnishment before judgment was properly issued and the court correctly denied appellant's coun-

terclaim seeking damages for the attachment of his wages.

█ Although we affirm the trial court in its judgment in favor of appellee, we remand the case for a redetermination of the amount the bank is entitled to recover.[4] Appellee sought $670.68, plus interest and attorney's fee. It appears that the repossessed car had some ascertainable value and that appellant was also entitled to credit, unspecified as to amount, for a rebate on insurance premium. Beyond this there is nothing in the record to indicate the basis for the trial court's conclusion that appellee was entitled to recover $300. With such a paucity of factual data, the award of $300 seems to be a mere arbitrary figure. It must therefore be set aside.

Affirmed (1) as to the right of appellee to recover against appellant upon the promissory note; and (2) as to the denial of appellant's counterclaim;

Reversed as to award of damages to appellee in the amount of $300; and

Remanded for a new trial limited to the determination of the net amount due on the chattel mortgage note, plus interest, 15% attorney's fees and costs.

---

4. To conserve the time and effort of both trial judge and counsel by avoiding further hearing in this matter, it is hoped that counsel for the parties can reach an agreement as to the value of the automobile at the time of its repossession and the amount of any rebatable insurance premium or other credits due appellant under the conditional sale contract.